IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL R. FORD, | : | |
| | : | 19-cv-3234-JMY |
| vs. | : | |
| | : | |
| STEVEN T. MNUCHIN | : | |
| *Secretary of Department of Treasury* | : | |

MEMORANDUM

**Younge, J.**                                                                                                           **February 23, 2021**

Plaintiff alleges violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, as amended in 42 U.S.C. § 1981a, which prohibits gender discriminatory employment practices. (Compl. ¶¶ 23-25.)  On or about May 24, 2017, Plaintiff applied for a promotion to an announced vacancy position as Supervisory Production Management Specialist GS-1101-13. Plaintiff was not granted an interview, and on or about June 6, 2017, Plaintiff was notified that she was not selected for the position. (*Id.* ¶ 12.)  On or about June 7, 2017, the selecting official, Paul Zwizanski, announced that Vincent Frese had been selected for the position. (*Id.* ¶ 13.)  At the time that this action was filed, Plaintiff was still employed by the U.S. Mint in Philadelphia. She brings this gender discrimination action based on the fact that a male candidate was selected instead of herself.

The primary thrust of Defendant's Motion for Summary Judgment is based on the contention that Vincent Frese was better qualified for the position as Supervisory Production Management Specialist than the Plaintiff.  (Mot. for Summary Judgment, ECF No. 13.)  The Defendant, therefore, argues that Mr. Zwizanski had a legitimate reason for selecting Vincent Frese over Plaintiff.  Defendant argues that Plaintiff cannot establish a *prima facia* case of gender discrimination or that the proffered justification for selecting Mr. Frese was a pretextual excuse for gender discrimination.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In examining the defendant's motion, we must view the facts in the light most favorable to the nonmovant, drawing all reasonable inferences in his favor.  *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).  Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment.  *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).  Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).[1]

Plaintiff came forward with evidence from which a fact-finder could determine that she established a *prima facia* case of gender discrimination for failing to promote her.  She came forward with evidence to suggest that she was qualified for the promotion to Supervisory Production Management Specialist. (Def. Statement Undisputed Material Facts ¶¶ 9-13, ECF No. 13-1.)  Defendant admits that Human Resources Specialist Travis Edgell reviewed all applicants for the open position for their eligibility and specialized experience.  (*Id.* ¶ 9.)  Edgell placed Plaintiff on a "non-competitive" certification because she met eligibility and specialized experience requirements, and she had held a pay grade level of GS-13.  (*Id.* ¶ 12.)  Mr. Edgell placed Mr. Frese on a "competitive" certification because he had not held a permanent GS-13 position and, therefore, had to compete to be selected for the higher grade level promotion to Supervisory Production Management Specialist.  (*Id.* ¶ 15.)  Plaintiff also established that the Defendant promoted a male to the open position instead of choosing her.  (*Id.* ¶ 29.)

Plaintiff's evidence suggests that Paul Zwizanski made the hiring decision (Zwizanski Dep. page 66-67), and inconsistencies in his testimony in relationship to other witnesses

2

involved in the selection process precludes the entry of summary judgment.  Defendant's proffered legitimate, non-discriminatory reason for selecting Mr. Frese for the promotion was that he was the best qualified candidate.  (Def. Statement Undisputed Material Facts ¶¶ 29-31.)  However, Mr. Zwizanski's deposition testimony raises questions as to whether he fully evaluated Plaintiff's qualification prior to making his decision to fill the open position.  (Zwizanski Dep. pages 17, 49, 68, ECF No. 13-2.)  His deposition testimony also suggests that, at the very least, he was confused as to the meaning of the designation of "competitive" and "non-competitive" on the certifications.  (*Id.* pages 64-65, 70.)

He testified that he spoke to Mr. Edgell about the classifications of "competitive" and "non-competitive", and that Mr. Edgell indicated that Plaintiff was classified as "non-competitive" because she was not really qualified.  (*Id.* pages 65-66.)  However, Mr. Edgell denies ever speaking to Mr. Zwizanski about Plaintiff's lack of qualifications for the promotion.  (Edgell Dep. page 12-13, 19, ECF No. 14-4.)  Edgell testified that Zwizanski never asked him to explain the nature of the "non-competitive" certification and the "competitive" certification.  (*Id.* page 13.)  Interestingly enough, Mr. Edgell recommended that Mr. Zwizanski prepare interview questions and conduct interviews in connection with the selection process.  (Zwizanski Dep. page 54.)  Mr. Zwizanski never prepared interview questions or conducted interviews of the candidates.  (*Id.*)  When questioned about how he evaluated the two candidates for the open position, Mr. Zwizanski testified that he relied on input from ARC and Human Resources.  (*Id.* 25, 29, 44.)  Mr. Zwizanski testified that he reviewed each candidate's resumes along with the questionnaire that they completed, their accrediting plan along with their ratings and ranking.  (*Id.* page 46-47.)

Witness testimony presents inconsistencies and shifting reasons in the evaluation of the qualifications of both candidates who applied for the promotion. These inconsistencies and shifting reasons amount to circumstantial evidence that Defendant's proffered legitimate, non-discriminatory reason for selecting Mr. Frese was pretextual.

By the Court:

   /s/ John Milton Younge
Judge John Milton Younge

---

[1] To establish a case for gender discrimination under the burden shifting analysis espoused in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993), the Court must first determine whether the Plaintiff has adduced sufficient evidence to support a *prima facie* case of discrimination; that is, (1) that she is a member of a protected class under the statute, (2) that she is qualified for the job, or subjected to an adverse employment action and (3) that a non-member of her protected class, similarly situated, was treated more favorably than her by the Defendant. It has been held that in order to establish a *prima facie* case of failure to promote under Title VII, a plaintiff must establish that she: "(1) belongs to a protected category under the statute; (2) was qualified for a job in an available position; (3) was rejected; (4) and after the rejection, the position remained open and the employer continued to seek applications from persons of plaintiff's qualifications for the position." *Bray v. Marriot Hotels*, 110 F.3d 986, 990 (3d Cir. 1997) (*citing McDonnell Douglas*, 411 U.S. at 802). Alternatively, a plaintiff may establish the fourth prong of the *prima facie* case by showing that the position did not remain open after the plaintiff was rejected; rather, it was filled by someone else chosen over plaintiff not of the same protected class as plaintiff. *Id.* at 990 n. 5.

Once a plaintiff has established a *prima facie* case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Tex. Dep't Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Bray v. Marriott Hotels*, 110 F.3d 986, 990 (3rd.Cir.1997) (*quoting McDonnell Douglas*, 411 U.S. at 802). The employer may meet this burden by articulating any legitimate business reason for its action. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). The defendant need not demonstrate that its decision was actually based on the proffered reasons, but merely that those reasons exist. *Burdine*, 450 U.S. at 254 (*citing Board of Trustees v. Sweeney*, 439 U.S. 24, 25 (U.S. 1978)). Where the defendant can articulate a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to show, by a preponderance of the evidence, that the defendant's articulated reason was pretext. *McDonnell Douglas*, 411 U.S. at 804; *Burdine*, 450 U.S. at 253; *Moussa v. Pa. Dep't of Pub. Welfare*, 414 Fed. Appx. 484, (3d Cir. 2011).